UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT MARTINEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 15-cv-1994-BTM-BGS<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 17]** |

Plaintiff's attorney, Lawrence D. Rohlfing ("Counsel"), moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel asks the Court to award $30,000.00 in attorney's fees from Plaintiff's recovery of $173,585.00 in past-due social security benefits, and to order Counsel to refund Plaintiff the $3,414.00 in fees Plaintiff has already paid under the Equal Access to Justice Act ("EAJA"). The Social Security Administration Commissioner filed a brief as a "trustee" but takes no position on the instant motion. Plaintiff has not responded to Counsel's request. For the reasons set forth below, the Court **GRANTS** Counsel's motion for attorney's fees.

1

## BACKGROUND

On February 18, 2016, the Court granted the parties' joint motion to voluntarily remand this action pursuant to sentence four of 42 U.S.C. § 405(g) and remanded this action for further administrative proceedings. ECF No. 12. On May 2, 2016, the Court granted the parties' joint motion for attorney's fees and costs, awarding Plaintiff $3,414.00 in attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412, and $400.00 in costs under 28 U.S.C. § 1920. ECF No. 12.

On remand, the Administrative Law Judge (ALJ) found Plaintiff was disabled since September 1, 2010 and awarded Plaintiff past-due disability benefits. ECF No. 17-3. The Notice of Change in Benefits issued on October 6, 2018 informed Plaintiff that he was entitled to monthly benefits from February 2011 onward, and that $43,396.25 of those past-due benefits would be withheld in the event that Counsel requested attorney's fees for work performed before this Court. ECF No. 17-4.

Counsel now requests $30,000 in attorney's fees pursuant to a contingent-fee agreement in which Plaintiff agreed to give Counsel 25% of any past-due benefits award. ECF No. 17-1; *see also* ECF No. 17-2 (the contingent fee agreement). Counsel further seeks an Order from this Court directing him to reimburse Plaintiff the $3,414.00 in fees Counsel has previously received under the EAJA. *Id.*

## STANDARD

42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

When evaluating a request for a contingent fee under § 406(b), courts must first look to the contingent-fee agreement, then test it for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). The following factors, alone or in combination, may warrant a reduction: (1) the result achieved; (2) "substandard representation"; (3) delay by counsel; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case," thereby resulting in a windfall. *Id.* at 805; *see also Crawford v. Astrue*, 586 F.3d 1142, 1151–53 (9th Cir. 2009) (en banc). Courts may request "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent fee cases," to aid in assessing a fee's reasonableness. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Counsel bears the burden of establishing that the requested fee is reasonable. *Crawford*, 586 F.3d at 1149.

## **DISCUSSION**

Plaintiff signed a 25% contingent fee agreement, the maximum allowed by Section 406(b). ECF No. 17-2. Nothing in the record suggests that the agreement is invalid. Turning to the reasonableness of the requested $30,000.00 award, the Court finds that the result was successful and that there is no evidence of substandard representation or delay. The only issue before the Court is the fourth *Gisbrecht* factor, *i.e.*, whether "the benefits are large in comparison to the amount of time [C]ounsel spent on the case" thereby resulting in a windfall. *Gisbrecht*, 535 U.S. at 805.

Counsel submits that his office expended 20.15 hours of attorney and paralegal time, 15.85 hours and 4.3 hours respectively, on the case. ECF No. 17-1, at 8 ¶ 5; ECF No. 17-5. Counsel requests $30,000.00, or approximately 17.28% of the Plaintiff's recovered past-due social security benefits, which is less than the maximum $43,396.25 that the Commissioner withheld pursuant to 42 U.S.C. 406(b). *See* ECF No. 17-4, at 2. Counsel did not submit his typical non-contingent fee hourly billing rate, but presented evidence that the 95th percentile hourly rate

3

15-cv-1994-BTM-BGS

| | |
|---|---|
| 1 | for all attorneys between 2015 and 2016 was $725 and that he has practiced social |
| 2 | security law since 1985. ECF No. 17-1, at 9 ¶¶ 7-8, 8; ECF Nos. 17-6, 17-7. The |
| 3 | effective blended attorney/paralegal hourly rate for work performed here is |
| 4 | approximately $1,488.83. Counsel asserts that this hypothetical rate is |
| 5 | proportionate to the time spent and, given the results achieved, the relevant market |
| 6 | hourly rates, and the risks inherent in contingent-fee arrangements, is not a |
| 7 | windfall. ECF No. 17, at 2-6. |
| 8 | Given the primacy of lawful attorney-client fee agreements, the amount and |
| 9 | complexity of the work performed, the risks assumed, the results achieved, |
| 10 | Counsel's experience and efficiency, the effective hourly rates courts have |
| 11 | previously approved in similar cases, and the fact that the requested fees are |
| 12 | significantly lower than the fees bargained-for in the contingent fee agreement and |
| 13 | not excessively large in relation to the benefits achieved, the Court concludes that |
| 14 | Counsel has carried his burden to demonstrate that a fee award of $30,000.00 |
| 15 | would be reasonable on the facts of this case. *See Crawford*, 586 F.3d at 1151- |
| 16 | 52. Accordingly, the Court will grant Counsel's present motion and order that the |
| 17 | attorney's fee award of $30,000.00 be paid out of Plaintiff's past-due benefits that |
| 18 | have been withheld by Defendant. Since attorney's fees have also been awarded |
| 19 | to Counsel pursuant to the EAJA, however, the earlier EAJA attorney's fee award |
| 20 | in the amount of $3,414.00 must be refunded to Plaintiff. *See Gisbrecht*, 535 U.S. |
| 21 | at 796 ("Congress harmonized fees payable by the Government under EAJA with |
| 22 | fees payable under § 406(b) out of the claimant's past-due Social Security benefits |
| 23 | in this manner: Fee awards may be made under both prescriptions, but the |
| 24 | claimant's attorney must refund to the claimant the amount of the smaller fee." |
| 25 | (internal quotation marks, citation, and alterations omitted)). |
| 26 | // |
| 27 | // |
| 28 | // |

## CONCLUSION

Based upon the foregoing, Counsel's motion for attorney's fees (ECF No. 17) is **GRANTED**. The Court awards attorney's fees to Counsel in the amount of $30,000.00, to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits. Counsel shall reimburse Plaintiff in the amount of $3,414.00, the amount previously paid the Government under the EAJA.

**IT IS SO ORDERED.**

Dated: July 23, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge